ALTMAN & COMPANY P.C.
Steven Altman (SA-5405)
Mailing Address - P.O. Box 590, Southampton, NY 11969
Office Address - 7 Sebonac Road, Unit O, Southampton, NY 11968
Telephone: (917) 207-3001
Facsimile: (646) 349-3387
Email: Steve@CommercialTrialLawyer.com

*Attorneys for Plaintiff Crossing Bay Partners, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CROSSING BAY PARTNERS, LLC, individually
and derivatively on behalf of EquipID, Inc.,

      Plaintiff,

 -against-

STEVEN GOTTFRIED, UTILIZECORE LLC
and EQUIPID, INC.,

      Defendants.
_____

25 Civ. 4834 (___)

**COMPLAINT**

    Plaintiff Crossing Bay Partners, LLC ("Plaintiff"), by its attorneys Altman & Company P.C., for its Complaint against defendants Steven Gottfried ("Gottfried"), individually and collectively on behalf of the shareholders of EquipID, Inc. ("EquipID"), and UtilizeCore LLC ("UtilizeCore") alleges as follows:

### NATURE OF THIS ACTION

    1. This is an action for common law misappropriation, breach of fiduciary duty and breach of a written stock purchase agreement. Plaintiff is a shareholder in Defendant EquipID. Defendant Gottfried was the founder of EquipID, and was an officer and director of the company and served as its Chief Executive Officer.

2. In blatant breach of the corporate opportunity doctrine, Gottfried shut down EquipID, absconded with EquidID's intellectual property, staff and customers, and used them in his then new venture UtilizeCore, which is now being run by his son, Ryan Gottfried. Steven Gottfried literally stole EquipID's multimillion dollar assets to reap millions for himself, his son, and others at and through UtilizeCore. UtilizeCore's current website is in fact strikingly similar to EquipID's original website and there is and can be no dispute that the services currently being offered by UtilizeCore include EquipID products and technology.

3. At the time Gottfried shut down EquipID, its business was thriving in the commercial, business to business sector. Its customers included Chipotle and Apple and the company had then just executed a $40 million contract with Balfour Beatty, which had been six months in the making. There was no justifiable basis for Gottfried's misappropriation of EquipID assets and the use of them in UtilizeCore. In so doing Gottfried made millions for himself and the UtilizeCore shareholders at the expense and to the detriment of the Plaintiff and the EquipID shareholders who did not move with him to UtilizeCore.

**PARTIES**

4. Plaintiff Crossing Bay Partners, LLC is a limited liability company formed and existing pursuant to the laws of the state of Florida with offices and its principal place of business at 107 Island Cove Way, Palm Beach Gardens, Florida 33418.

5. Defendant Steven Gottfried, an individual, is a citizen of the state of New York, as he resides at 24 Farmview Road, Port Washington, New York 11050.

6. Nominal defendant EquipID, Inc., on whose behalf some of the claims in this action are asserted, is a corporation formed and existing pursuant to the laws of the state of

Delaware with offices and its principal place of business 89 Fifth Avenue, 6th Floor, New York, New York 10003.

7. Defendant UtilizeCore LLC is a limited liability company formed and existing pursuant to the laws of the state of Delaware with offices and its principal place of business at 236 W. 27th Street, Floor 12, New York, New York 10001.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the Plaintiff's state of citizenship (Florida) is diverse from those of the Defendants (Delaware and New York), and the amount in controversy exceeds $1,000,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Defendants transact or transacted substantial business in this District, a substantial part of the events that give rise to the Plaintiff's claims took place in the State of New York and in this District, and because the Stock Purchase Agreement that gives rise to some of the Plaintiff's claims specifically provides in paragraph 6.13 that the Plaintiff and EquipID "irrevocably and unconditionally" agreed and submitted to jurisdiction and venue in this Court .

## FACTS

**The EquipID Stock Purchase Agreement**

10. In or about March of 2020, and again in or about September of 2020, defendant Gottfried presented Plaintiff with the opportunity to invest capital into EquipID.  In so doing, defendant Gottfried hard-sold the Plaintiff, emphasizing the quality of EquipID's clientele, the demand for its products, the quality of the staff, and his personal previous enormous success in similar ventures.  During that stock sale solicitation process, defendant

Gottfried offered presentations and demonstrations of EquipID technology and products as part of his efforts to induce the Plaintiff to invest in EquipID. Defendant Gottfried further specifically represented to the Plaintiff that he had numerous business connections to whom he could and was planning to use to promote the sale and use of EquipID's products and services through what he implied was his vaulted status in the facilities management industry.

11. Consequently, in or about September of 2020, the parties entered into a Series Seed Preferred Stock Purchase Agreement ("SPA").

12. Gottfried signed the SPA on behalf of EquipID as its Chief Executive Officer ("CEO").

13. Plaintiff acquired 40,000 shares of Series Seed Preferred Stock in EquipID (the "Preferred Shares") pursuant to the SPA.

14. Plaintiff paid $206,400 for the Preferred Shares.

15. The SPA states as to EquipID's "Intellectual Property" in paragraph 2.7., among other things, as follows:

> Each employee and consultant has assigned to the Company all intellectual property rights he or she owns that are related to the Company's business as now conducted and as presently proposed to be conducted and all intellectual property rights that he, she or it solely or jointly conceived, reduced to practice, developed or made during the period of his, her or its employment or consulting relationship with the Company that (a) relate, at the time of conception, reduction to practice, development, or making of such intellectual property right, to the Company's business as then conducted or as then proposed to be conducted, (b) were developed on any amount of the Company's time or with the use of any of the Company's equipment, supplies, facilities or information or (c) resulted from the performance of services for the Company. Subsection 2.8 of the Disclosure Schedule lists all patents, patent applications, registered trademarks, trademark applications, service marks, service mark applications, tradenames, registered copyrights, and licenses to and under any of the foregoing, in each case owned by the Company.

16. The SPA further provides in paragraph 2.9(a) as follows as to EquipID's Intellectual Property:

> Except for the Transaction Agreements, there are no agreements, understandings, instruments, contracts or proposed transactions to which the Company is a party or by which it is bound that involve (i) obligations (contingent or otherwise) of, or payments to, the Company in excess of $25,000, (ii) the license of any patent, copyright, trademark, trade secret or other proprietary right to or from the Company, (iii) the grant of rights to manufacture, produce, assemble, license, market, or sell its products to any other Person that limit the Company's exclusive right to develop, manufacture, assemble, distribute, market or sell its products, or (iv) indemnification by the Company with respect to infringements of proprietary rights.

17. The SPA additionally provides in paragraph 6.16 that in this action "the prevailing party shall be entitled to reasonable attorneys' fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled."

**Gottfried's Blatant Violation of the Corporate Opportunity Doctrine**

18. Defendant Gottfried was at all relevant times an officer and director and the controlling shareholder of EquipID. As an officer and director and controlling shareholder of EquipID, defendant Gottfried owed a fiduciary duty to EquipID and all of its shareholders, including but not limited to the Plaintiff.

19. Defendant Gottfried breached his fiduciary duty to the Plaintiff and the other shareholders of EquipID by shutting down EquipID's ongoing business, and taking its intellectual property and principal assets without due consideration, lodging and then using them in UtilizeCore.

20. There is and can be no question that EquipID was a vibrant business when Gottfried shuttered it.

21. EquipID had entered into numerous profitable contracts with top shelf and well known customers, including but not limited to Apple and Chipotle, and its business was growing significantly. In fact, contemporaneously with the Plaintiff's investment in EquipID, Gottfried asked Robert Lewis, one of Plaintiff's principals to perform services for the company, which he did. Working with others at EquipID, Lewis assisted in securing numerous profitable contracts with new clients for EquipID.

22. One such contract was with Balfour Beatty. Following and as the result of six months of negotiations with Balfour Beatty, EquipID entered into a long-term agreement to service 55 military bases throughout the United States.

23. The Balfour Beatty contract by its terms was to provide revenues to EquipID of more than $40 million.

24. Soon after the start of the implementation of the Balfour Beatty contract, without justification or good cause, Gottfried unilaterally terminated the agreement between EquipID and Balfour Beatty.

25. Shortly thereafter, then inexplicably, Gottfried shut down all of EquipID's operations giving no notice to the Plaintiff and little or no notice to anyone and everyone else affiliated with or involved in the company.

26. Gottfried, on information and belief, purposefully caused EquipID to fail as an ongoing concern.

27. At or about the time Gottfried shut down EquipID, EquipID had numerous profitable contracts in force and effect.

28. At or about the time Gottfried shut down EquipID, EquipID was engaged in and concluding negotiations with several new customers and business partners pursuant to which the company could reasonably expect to receive millions in additional revenues.

29. Plaintiff and, on information and belief, the other shareholders of EquipID were not provided with any formal notice or explanation for the shutdown of EquipID, nor about the transfer of its intellectual property and principal assets, nor of Gottfried's conflicting roles in UtilizeCore and EquipID.

30. Gottfried falsely asserted then and has since claimed that EquipID was no longer a viable business venture.

31. Rather than acting in the best interests of all of the EquipID shareholders, in blatant breach of his fiduciary duty to the company and those shareholders, Gottfried handpicked selected individuals to participate in his then new business venture, UtilizeCore.

32. After closing EquipID and firing its key employees, Gottfried absconded with EquipID's intellectual property and used it to raise investment capital for the benefit of UtilizeCore and its members.

33. UtilizeCore, on information and belief, currently derives millions in revenues from the EquipID intellectual property and other assets misappropriated from EquipID by Gottfried.

34. UtilizeCore, on information and belief, currently employs one or more former EquipID employees.

35. UtilizeCore has profited handsomely from the sale and use of EquipID assets and the use of its intellectual property.

36. EquipID received no financial benefit from UtilizeCore's sale and use of EquipID assets and the use of its intellectual property.

37. Defendant Gottfried also failed to maintain proper governance of EquipID. Defendant Gottfried, among other things, never noticed or held an annual shareholders' meeting, failed to hold properly noticed meetings of the Board of Directors, never prepared issued meeting minutes, never provided K-1 statements to the other owners, and failed and refused to provide any EquipID shareholders with copies of the company's tax returns or any written financial statements concerning the company.

## DIRECT CLAIMS

### COUNT I
### (Breach of the SPA Between the Plaintiff and EquipID))

38. Plaintiff realleges and incorporates by reference the allegations stated in paragraphs 1 through 37 above as if stated here in full.

39 Under New York law, the elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. All of those elements are present in this case.

40. The SPA is a valid contract between Plaintiff and EquipID. Defendant Gottfried caused EquipID to breach paragraphs 2.7 and 2.9 of the SPA by not protecting EquipID's intellectual property and allowing defendant Gottfried to steal it and use it at UtilizeCore.

41. Plaintiff did all or substantially all of the significant things that it was required to do under the terms of the SPA.

42 There were and are no conditions of EquipID's performance under the SPA.

43. Plaintiff has been damaged as the result of these breaches of the SPA by EquipID in an amount in excess of $1,000,000, the precise sum of which is to be determined at trial.

## COUNT II
### (Common Law Misappropriation Against Gottfried and UtilizeCore)

44. Plaintiff realleges and incorporates by reference the allegations stated in paragraphs 1 through 43 above as if stated here in full.

45. Under New York and Delaware law, the elements of a claim for misappropriation are (1) the possession of information owned by another, and (2) the use of that information without permission by another. Both of those elements are present in this case.

46. Defendants Gottfried had and UtilizeCore now has possession of EquipID's proprietary and confidential intellectual property.

47. Reasonable efforts were taken by EquipID, in the SPA and otherwise, to protect EquipID's intellectual property.

48. EquipID, on information and belief, expended substantial sums of money developing EquipID's intellectual property and building its business.

49. It would have been impossible for UtilizeCore to obtain EquipID's intellectual property without paying due consideration for it, but for defendant Gottfried's theft of it.

50. Defendants Gottfried and UtilizeCore are currently using EquipID's intellectual property in UtilizeCore's business.

51. Plaintiff has been damaged as the result of defendant Gottfried and UtilizeCore's misappropriation in an amount in excess of $1,000,000, the precise sum of which is to be determined at trial.

## DERIVATIVE CLAIM AGAINST GOTTFRIED

52. In addition to the direct claim the Plaintiff is asserting against EquipID as the result of the breaches of the SPA, the Plaintiff is asserting claims derivatively.

53. Plaintiff has not made a demand on defendants Gottfried or EquipID with respect to the derivative claims because to do so would be futile. Defendant Gottfried controls EquipID, and was and is the ringleader. There is absolutely no reason to believe he would admit his wrong doing and sue himself.

54. Plaintiff's claim for breach of fiduciary duty is properly pled additionally and alternatively as a derivative claim. It is being brought derivatively in the right and for the benefit of EquipID to redress injuries suffered, and to be suffered, by the company as a direct result of Defendant Gottfried's breaches of fiduciary duty.

55. Plaintiff is and was at all times a shareholder in EquipID.

56 Plaintiff will adequately and fairly represent the interests of EquipID in enforcing and prosecuting its rights.

57. EquipID is named as a nominal defendant in this case solely in a derivative capacity. Prosecution of this action, independent of the defendant Gottfried, is in the best interest of EquipID.

## COUNT III
### (Breach of Fiduciary Duty Against Gottfried)

58. Plaintiffs reallege and incorporate by reference the allegations stated in paragraphs 1 through 57 above as if stated here in full.

59. Defendant Gottfried owes fiduciary duties to the Plaintiff by virtue of his position as an officer, director and controlling shareholder of EquipID.

10

60. Defendant Gottfried breached his fiduciary duties to the Plaintiff by, among other untoward acts, violating the corporate opportunity doctrine, which prohibits officers, directors and controlling shareholders from usurping business opportunities that rightly belong to the corporation.

61. Defendant Gottfried also knowingly and willfully mismanaged EquipID by, among other bad acts,

(a) stealing the Company's assets and using them to profit for himself and others to the detriment of EquipID's shareholders, including but not limited to the Plaintiff;

(b) intentionally abandoning efforts to build EquipID at a moment of growing demand for its products and services;

(c) intentionally harming EquipID's operations, despite its then track record of growing success by firing key employees;

(d) acting in such a way causing EquipID to lose and/or affirmatively cancelling all of the company's contracts, denuding it of all revenues and ultimately causing the complete failure of the business; and

(e) transferring, on information and belief, the interests and/or benefits of contracts with one or more EquipID clients to one or more companies in which Defendant has a financial interest, including but not limited to UtilizeCore.

62. EquipID, Plaintiff and the other shareholders of EquipID have been damaged as the result of defendant Gottfried's numerous breaches of fiduciary duty in an amount in excess of $1,000,000, the precise sum of which is to be determined at trial.

WHEREFORE, Plaintiff Crossing Bay Partners, LLC demands judgment against each of the defendants in amounts to be determined at trial, plus interest thereon, for its attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Southampton, New York
June 9, 2025

        ALTMAN & COMPANY P.C.

        By:  */s/ Steven Altman*
            Steven Altman (SA-5405)
        P.O. Box 590, Southampton, NY 11969
        7 Sebonac Road, Unit O, Southampton, NY 11968
        Telephone: (917) 207-3001
        Facsimile: (646) 349-3387
        Email: Steve@CommercialTrialLawyer.com

        *Attorneys for Plaintiff*
          *Crossing Bay Partners, LLC*