UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CROSSING BAY PARTNERS, LLC, individually
and derivatively on behalf of EQUIPID, INC.,

                      Plaintiff,

                                                                                   25-cv-4834 (PKC)

        -against-                                                              ORDER

STEVEN GOTTFRIED, UTILIZECORE LLC,
And EQUIPID, INC.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Crossing Bay Partners, LLC, brings this shareholder derivative action invoking subject matter jurisdiction by reason of diversity of citizenship. "In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). The limited subject matter jurisdiction of the Court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

        Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that "all of the adverse parties in a suit be completely diverse with regard to citizenship." Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51 (2d Cir. 2000); see also Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original'

diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State.").

Here, the Complaint fails to adequately allege the citizenship of plaintiff Crossing Bay Partners, LLC and defendant UtilizeCore LLC. See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (holding that the party who invoked federal jurisdiction "bears the burden of proving the facts to establish that jurisdiction" and "must allege a proper basis for jurisdiction in his pleadings"). Both plaintiff Crossing Bay Partners, LLC, and defendant UtilizeCore LLC, are limited liability companies. (Compl't, ECF 10 ¶¶ 4, 7.) A limited liability company takes the citizenship of each of its members. See Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC, 692 F.3d 42, 49 (2d Cir. 2012).

A complaint premised on diversity of citizenship that names a limited liability company as a party must allege the citizenship of any natural persons or corporate entities who are members of the limited liability company. Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019). In order for a natural person "to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." Newman-Green Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Whereas "a corporation is deemed to be a citizen of both the state in which it has its principal place of business and of any state in which it is incorporated." Universal Licensing Corp., 293 F.3d at 581.

The Complaint fails to identify the limited liability companies' members and their citizenships. (ECF 10 ¶¶ 4, 7.) Within fourteen (14) days of this Order, plaintiff may serve a single interrogatory upon defendant UtilizeCore as to the citizenship of all natural persons who are its members and, if any corporation is a member, the jurisdiction under whose laws it is

incorporate and the principal place of business. Defendant shall serve its response to the interrogatory within fourteen (14) days.

Within thirty (30) days of this Order, plaintiff shall amend the Complaint with the citizenship of all parties or this action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 23, 2025